-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GABRIEL G. H. MIDALGO, 97A7235,

        Plaintiff,

  -v-

SGT. BARBERRY, C.O. SHEARING,
C.O. HARTMAN, C.O. WELSH,
SGT. CHENEY, LT. MONIN, SGT. BROWASKI,
and COMMISSIONER GOORD,

        Defendants.

_____

DECISION AND ORDER
06-CV-6223L(P)

        Plaintiff, who is incarcerated in the Southport Correctional Facility, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and has both met the statutory requirements and furnished the Court with a signed Authorization. Accordingly, plaintiff's request to proceed as a poor person is hereby granted. In addition, plaintiff's complaint has been screened by the Court with respect to the 28 U.S.C. §§ 1915(e) and 1915A criteria.

        Preliminarily, the Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity. *See Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 98-100 (1984). It is well-settled that states are not "persons" under § 1983, and thus Eleventh Amendment immunity is not abrogated by that statute. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 65-66 (1989). The Eleventh Amendment bar extends to agencies and officials sued for money damages in their official capacities. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Plaintiff may therefore sue

the defendants in their official capacity only if they consent to be sued. *Pennhurst,* 465 U.S. 89 at 199-201. Since none have consented, the Eleventh Amendment bars the plaintiff's suit against the defendants in their official capacity, to the extent that such claims have been made.

Secondly, plaintiff alleges that he was denied due process in two disciplinary hearings. The first may go forward. As to the second, however, plaintiff alleges in paragraphs 28 and 38 respectively that he was sentenced to a loss of 9 months good-time and that he has lost all of his good-time. Although plaintiff seeks damages for his claim and not his release, in fact the underlying basis of this claim is that he was falsely written up, maliciously prosecuted and that his prison time will be extended because of his sentenced loss of good-time. The Supreme Court has held, however, that such a claim does not constitute a cognizable cause of action under § 1983.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey,* 512 U.S. 477, 484 (1994). Plaintiff's claim that he was denied due process at the second disciplinary hearing, where he was sentenced to loss of good-time, is therefore dismissed until or unless the conviction is overturned.

Finally, it may be that plaintiff may fail to prove some or all of his remaining claims, but the Court's uncertainty that plaintiff will ultimately succeed on the merits is no

justification for a dismissal at this stage of the case. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *and see McEachin v. McGuinnis*, 357 F.3d 197 (2d Cir. 2004). Since the Court cannot say at this stage that "'it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief,'" *Staron v. McDonald's Corp.*, 51 F.3d 353, 355 (2d Cir. 1995) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957)), the remaining claims may go forward as pleaded.

The Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the named defendants without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

SO ORDERED.

Dated: May 24, 2006
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge